**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DANIEL LEE CECIL,**
        **Plaintiff,**

**v.**
                                                **CIVIL ACTION NO. 3:20-CV-44**
                                                **(GROH)**

**STATE OF WEST VIRGINIA,**
**JUDY GOONTZ, and**
**TIM HOT,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

Plaintiff was a state inmate at one time confined in the custody of the West Virginia Regional Jail Authority. According to the complaint, Plaintiff was arrested on or about February 7, 2020. Apparently, it was during his video arraignment while confined at Northern Correctional Facility in Moundsville, West Virginia, that the events occurred which led to his filing of a civil action filed pursuant to 42 U.S.C. § 1983.

On March 12, 2020, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He asserted two claims against the named defendants for violations of his Fourth Amendment rights.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed without prejudice for failure to exhaust and failure to state a claim.

### II.     FACTUAL AND PROCEDURAL HISTORY

In the two grounds of his complaint Plaintiff asserts that he was denied due process

of law.  Plaintiff alleged that: (1) Wetzel County Magistrate Judy Goontz ("Goontz") violated his due process rights by denying him counsel and by signing "the motion to continue [due] to fact that court denied counsel." [ECF No. 1 at 7]; and (2) Wetzel County Prosecutor Tim Hot ("Hot") violated Plaintiff's due process rights when Hot "denial of counsel." [Id. at 8]. Although not the epitome of clarity, it appears that Plaintiff believes his constitutional rights to due process of law were violated when his video arraignment was continued so that counsel could be appointed to represent him.

Plaintiff did not claim any injuries as a result of the alleged violation of his constitutional rights, leaving that portion of the Court-approved form completely blank. ECF No. 1 at 9.  In the space provided for Plaintiff to list the relief he seeks from the Court, Plaintiff again left that portion of the Court-approved form completely blank.  Id.  Further, Plaintiff does not list any amount of monetary damages.  Id.

Plaintiff has not yet paid a filing fee, but has prepared a portion of the paperwork necessary to proceed without prepayment of fees.  ECF Nos. 2, 3, 4.

### III.  LEGAL STANDARD

#### A.   Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[1] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  While *pro se* pleadings are held to a less

---

[1]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal.  Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'"  Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).  However, "judges are [ ] not required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

**B.  § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide

4

relief      to      victims      if      such      deterrence      fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257

(1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated

what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations
> are required in order to state a cause of action under that
> statute. First, the plaintiff must allege that some person has
> deprived him of a federal right. Second, he must allege that
> the person who has deprived him of that right acted under
> color of state or territorial law.

Gomez, 446 U.S. at 640.

### IV.  ANALYSIS

#### A.      Improper Party

Plaintiff has named the State of West Virginia[2] as a defendant in this civil rights

action filed under § 1983.  The Supreme Court has long recognized that "neither a State

nor its officials acting in their official capacities are 'persons' under § 1983."  Will v.

Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

The State of West Virginia is not a proper defendant in a civil rights action under

§ 1983.  Accordingly, because Plaintiff has failed to state a claim upon which relief can

be granted pursuant to § 1983, this Court recommends that this matter be dismissed with

prejudice as to the State of West Virginia.

#### B.      Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with

---

[2] Further, Plaintiff failed to make a single allegation against the State in the body of his complaint and has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.

respect to prison conditions must first exhaust all available administrative remedies.  42 U.S.C. § 1997e.  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 532 (2002).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds.  See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005).  If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. §1915A to dismiss the case *sua sponte.*  Id. at 682.

A grievance procedure is available to inmates through which they may seek review of complaints related to the conditions of their confinement.  However, Plaintiff's complaint does not concern the conditions of his confinement, but rather the proceedings conducted by the Wetzel County Magistrate and the actions of the Wetzel County Prosecuting Attorney.  Plaintiff's complaint appears to suggest that he is unaware[3] of a grievance procedure available at Northern Correctional Facility where his video arraignment was conducted, but he concedes that he did not file any administrative grievances.  ECF No. 1 at 4.  Further, Plaintiff claims that he "did not know" he could file a grievance.  Id.  By his own disclosure, it is apparent that the Plaintiff has not exhausted the grievance

---

[3]  Plaintiff did not check either "yes" or "no" in response to the question, "Is there a prisoner grievance procedure in the institution where the events occurred?" ECF No. 1 at 4.  Instead Plaintiff wrote "IDK" next to the question.  Id.

6

procedure by filing a grievance.

Consistent with other Circuits, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Aguilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)). Here, Plaintiff does not allege that he was prevented through no fault of his own from availing himself of available remedies, nor does he allege that institutional authorities refused to provide him the forms which were necessary to complete administrative exhaustion. Rather, Plaintiff claims that he was unaware of his ability to file a grievance.

Because the failure to exhaust is clear on the face of the complaint and additional documents, *sua sponte* dismissal of this action without prejudice is appropriate.[4] See Anderson, 407 F.3d at 682.

### C.    Failure to State a Claim

Furthermore, even if the Plaintiff had properly exhausted his administrative grievances, his complaint would still be subject to dismissal because, among other

---

[4] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). Here, plaintiff has failed to set forth any reason to excuse his failure to exhaust.

reasons, Plaintiff seeks relief which is unavailable or improper under § 1983, in that he has failed to assert a cognizable cause of action as to his claims against the named defendants.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  Wyatt v. Cole, 504 U.S. at 161.  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.  Gomez, 446 U.S. at 640.

Plaintiff has named the State of West Virginia, Magistrate Goontz, and prosecutor Hot, as defendants.  Further, Plaintiff has failed to allege that he suffered any physical or other injury as a result of the actions of any defendant.  However, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  Accordingly, Plaintiff's claims that he suffered a violation of his Constitutional rights without any physical injury fail to state a claim upon which relief may be granted.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  As set forth above, the State is an improper party to a Section 1983 action and Plaintiff has failed to assert a single claim against the State. Plaintiff's complaint as to Goontz and Hot fails to allege that either individual defendant took specific action which constituted the civil rights violations alleged by Plaintiff, and that Plaintiff suffered any physical injury as a result of

8

such civil rights violations.  Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added).

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him.  Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).  Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named individual defendants subjected him to or caused him to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice as to Goontz and Hot.

## V.  RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the complaint should be **DISMISSED WITH PREJUDICE** as to the State of West Virginia, and **WITHOUT PREJUDICE** as to Goontz and Hot, based on the failure to administratively exhaust his claims before filing suit and failure state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        March 13, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE